```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x    NOT FOR PRINT OR
                                                                ELECTRONIC PUBLICATION
YAKOV SLEPOY,

                            Plaintiff,                          10-CV-1814 (ARR)

        -against-                                               MEMORANDUM
                                                                AND ORDER
THE CITY OF NEW YORK and NEW YORK
CITY POLICE DEPARTMENT,

                            Defendants.
----------------------------------------------------------x
```
ROSS, United States District Judge:

On April 22, 2010, plaintiff Yakov Slepoy, appearing *pro se*, filed this action against defendants. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaint is dismissed for the reasons set forth below.

## **Background**

Plaintiff's complaint lacks a statement of claim. See Compl, at ¶ III. Instead, plaintiff attaches 118 pages of correspondence and other papers to the complaint form. In the first letter attached to the complaint form, dated April 16, 2010, addressed to President Obama, Fox News and the Director of the National Intelligence, "Relatives and friends of Yakov Selpoy" accuse various federal and city officials of conspiring with a "Russian-speaking mafia" who "created a criminal organization National Debt Service LLC located at 2653 Coney Island Avenue, Brooklyn NY 11235" and caused plaintiff to lose "more than one million three hundred thousand dollars, his company, Jacob International Trading, Inc., his property, and all of his savings from his bank accounts." See Compl., Unmarked Exhibit at 2.[1] This letter was not signed.

---

[1] Plaintiff's complaint and its attached submissions are not numbered or identified by exhibit tabs. The court refers to the page number assigned by the Electronic Case Filing system.

In the second letter, dated April 12, 2010, to the State of New York Unified Court Systems, Izya Valinkevich writes on behalf "of the family of Yakov Slepoy" requesting different Russian language translators and referring to several cases pending or previously filed against plaintiff in the state courts. Compl, Unmarked Exhibit at 3-5. This letter is also not signed. By letter dated January 5, 2010, plaintiff wrote to this Court alleging that "Mayor Bloomberg is blocking the investigation of Italian and Russian speaking Mafia, a terrorist organization that is responsible for the financial crisis in the United States." Compl., Unmarked Exhibit at 12-13. The remaining unmarked exhibits concern cases filed by and against plaintiff since 2006 in the state courts, as well as correspondence sent to various agencies and organizations seeking assistance in his state court cases or in relation to his allegations of fraud and corruption, as well as medical reports. On April 27, 2010, plaintiff filed two new civil actions. See Slepoy v. Kliger, No. 10-CV-1888 (ARR); Slepoy v. Simkhovich, No. 10-CV-1889 (ARR).

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Although plaintiff does not provide a basis for the court's jurisdiction, see Compl. at ¶ II, liberally construing the complaint and its submissions, it appears that plaintiff brings this lawsuit against the City of New York City and the New York City Police Department alleging a conspiracy to violate his constitutional rights and/or for defendants' purported failure to take action against the Italian and Russian speaking Mafia.

Plaintiff's allegations – as can be surmised by the papers attached to the complaint form – do not contain sufficient factual allegations of a conspiracy to deprive him of his constitutional rights to meet the plausiblity standard under Twombly. Indeed, plaintiff's conspiracy claim against defendants is conclusory and vague. See Iqbal, 129 S.Ct. at 1949-50 (holding that conclusory allegations of a conspiracy are not enough to satisfy the pleading requirements of Fed. R. Civ. P. 8); see also Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990). Therefore, the complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

Even if plaintiff had alleged facts sufficient to state a conspiracy claim, the complaint against the City of New York and the New York City Police Department ("NYPD") would still be dismissed pursuant to § 1915(e)(2)(B). In order to sustain a federal claim for relief for civil rights violations against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). The complaint cannot reasonably be interpreted as alleging facts sufficient to (i) demonstrate that plaintiff sustained a deprivation of a constitutional right and, if so, that (ii) the alleged injury was caused by any policy or custom of the municipal defendant, the City of New York.

Moreover, the NYPD is an agency of the City of New York and is not a suable legal entity. Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000); see, e.g., Bailey v. New York City Police Dep't, 910 F.Supp.116, 117 (E.D.N.Y. 1996); N.Y.C. Charter, Ch. 17, § 396.

Finally, to the extent plaintiff seeks to overturn decisions entered in the state courts against him, this court would be barred from considering challenges to any state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 94 (2d Cir. 2005) (discussing the Rooker-Feldman doctrine wherein the federal courts lack jurisdiction over suits that challenge state-court judgments).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B). The court declines to grant plaintiff leave to amend since there is no likelihood that an amended complaint against these defendants would succeed. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: May 1) , 2010
Brooklyn, New York